| | |
|---|---|
| HERSHELL CHRISMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 1:14-CR-60-HSM-SKL-1 |
| ) | 1:16-CV-253-HSM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 67].[1] He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 19, 2016 [Doc. 71]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion [Doc. 67] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  **BACKGROUND**

In 2015, a jury found Petitioner guilty of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 45]. Based on prior Tennessee convictions for aggravated robbery,

---

[1] On February 11, 2016, this Court appointed Federal Defenders of Eastern Tennessee for the limited purpose of investigating whether or not Petitioner is entitled to collateral relief based on the *Johnson* decision. E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). The Order provided an exception where "the defendant has retained counsel or previously appointed CJA attorney desires to represent the defendant." *Id.* Consistent with that provision, counsel submitted the instant petition.

aggravated assault, and manufacturing methamphetamine, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum sentence [Presentence Investigation Report (PSR) ¶¶ 31, 32, 38]. In accordance with that designation, the Court sentenced Petitioner to 235 months' imprisonment on June 22, 2015 [Doc. 64]. Petitioner did not appeal his conviction or sentence and, as a result, the judgment became final for purposes of § 2255(f)(1) on July 6, 2015. *See, .e.g.*, *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment becomes final when the fourteen-day period for filing a direct appeal has elapsed).

Less than one year later— on June 24, 2016, Petitioner filed the instant petition for relief based on the *Johnson* decision [Doc. 67 (challenging Petitioner's ACCA designation)].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction. *See, e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect categorization as an armed career criminal based on prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent

3

felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which they looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

The Court finds that at least three of the prior convictions used to categorize Petitioner as an armed career criminal categorically qualify as predicate offenses independent of the residual clause invalidated by the *Johnson* decision. As such, no award of collateral relief is warranted.

As an initial matter, the *Johnson* decision has no impact on the status of Petitioner's prior Tennessee drug convictions as serious drug offenses. *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming the *Johnson* decision "irrelevant" where ACCA enhancement stemmed from the defendant's prior drug offenses). Further, binding Sixth Circuit authority dictates that Petitioner's aggravated robbery conviction remains a violent felony under the ACCA's use-of-physical-force clause. *See, e.g.*, *United States v. Bailey*, No. 14-6524, 2015

4

WL 4257103, at *4 (6th Cir. July 15, 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause.").

Finally, when Petitioner committed aggravated assault in 2003, Tennessee defined the crime as follows:

>   (a) A person commits aggravated assault who:
>
>       (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and;
>
>           (A) Causes serious bodily injury to another; or
>
>           (B) Uses or displays a deadly weapon; or
>
>       (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
>
>           (A) Causes serious bodily injury to another; or
>
>           (B) Uses or displays a deadly weapon
>
>   (b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-302
>
>   (c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102 (2003). The statute went on to specify that a violation of "subdivision (a)(1) [was] a Class C felony," and that violation of "subdivision (a)(2) [was] a Class D felony." Tenn. Code Ann. § 39-13-102(d)(1) (2003).

The statute is divisible because it lists several different variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. §

5

39-13-102 "can be offended in a number of ways"). The indictment and judgment attached to the United States' response demonstrate that Petitioner's conviction involved the intentional and knowing variant—Tennessee Code Annotated § 39-13-102(a)(1), a Class C felony [Docs. 71-1, 71-2]. Because that offense categorically involves the intentional or knowing use or threatened use of violent force, it qualifies as an ACCA predicate under the use-of-physical-force clause. *See* Tenn. Code Ann. § 39-11-106(5)(1982) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (holding that the knowing and intentional variant of Tennessee aggravated assault categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause); *United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury").

Because at least three of his prior convictions remain predicates under provisions unaffected by the *Johnson* decision, Petitioner is not entitled to relief from ACCA enhancement.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 67] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the

6

denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE